PHILLIP A. TALBERT
Acting United States Attorney
ROSS PEARSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**
Jun 15, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONES ASSIGNED CALL NUMBERS (213) 479-5783, (916) 743-9898, AND (678) 887-7770 | CASE NO. 2:21-sw-00500 DB<br><br>ORDER RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER (1) AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND A TRAP AND TRACE DEVICES; AND (2) AUTHORIZING RELEASE OF SUBSCRIBER INFORMATION<br><br>**UNDER SEAL** |

[PROPOSED] ORDER

AUSA Ross Pearson, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of a pen register and trap and trace device ("pen/trap device") on the following cellular telephones:

    a.    A cell phone assigned call number (213) 479-5783 (the "**Target Cell Phone 1**"), whose service provider is AT&T, a wireless telephone service provider headquartered at 11760 US Highway 1, Suite 600, North Palm Beach, FL 22408;

    b.    A cell phone assigned call number (916) 743-9898 (the "**Target Cell Phone 2**"), whose service provider is Verizon, a wireless telephone service provider headquartered at 180 Washington Valley Rd, Bedminster, NJ 07921; and

    c.    A cell phone assigned call number (678) 887-7770 (the "**Target Cell Phone 3**"), whose service provider is T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way,

Parsippany, NJ 07054

Collectively, these phones are referred to as "the Target Cell Phones."

Pursuant to 18 U.S.C. § 2703(c) and (d), the United States also requests subscriber information related to the Target Cell Phones.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) of possible violations of 18 U.S.C. 922(a)(1)(A) (engaging in the business of dealing in firearms without a license), 18 U.S.C. 922(a)(5) (transferring a firearm to an out of state resident), and 18 U.S.C. § 371 (conspiracy to commit the foregoing) committed by Jerrell LAWSON, Malek WILLIAMS and other known and unknown co-conspirators.

Pursuant to 18 U.S.C. § 2703(c) and (d), the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to the same ongoing criminal investigation.

There is reason to believe that notifying any other person, including the subscriber(s) of the Target Cell Phones, of the existence of this application and Order, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Order, will seriously jeopardize the ongoing investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that the ATF, as well as other participating state and local agencies, may install and use a pen/trap device to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Target Cell Phones, including the date, time, and duration of the communication, and the following, without geographic limit:

- Source and destination telephone numbers;
- Source and destination email addresses, when the cellular device exchanges SMS or MMS messages with an email account; and
- Any unique identifiers, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN,

        associated with the cell phone device or devices used to make or receive calls or send and receive texts with Target Cell Phones.

- "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c)

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that Verizon, AT&T, and T-Mobile and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the ATF reasonably compensate Verizon, AT&T, and T-Mobile and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that Verizon, AT&T, and T-Mobile and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the ATF to provide prior notice to the ATF before terminating or changing service to the cell phone number;

IT IS FURTHER ORDERED that the ATF and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the ATF, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § § 2703(c)(1)(B), 2703(c)(2) and 2703(d), that At&T Wireless, Sprint, T-Mobile, Ultra Mobile, Verizon Wireless, Metro PCS, Comcast, Flat West Wireless, Adelphia Communications, Adelphia Long Distance, Allegiance Telecom of California, Inc., Alltel Telecom, Arch Communications, Arch Wireless, Astound, AT&T Local Service, AT& T Broadband, AT&T Wireless Services, Bell South Telecommunications, Cellco Partnership, dba Verizon Wireless, Cellular One, Central Telephone Company of Nevada, dba Sprint Nevada, Central Wireless

3

Partnership, dba Sprint PCS, Cingular Wireless, Comcast, Competitive Communications, Inc., Cricket Communications, Cricket Wireless, Dobson Cellular, Dobson Communications, Edge Wireless LLC, Electric Lightwave, Inc., Excel Communications, Evans Telephone Company, Excel Telecommunications, Frontier: A Citizens Communications Company, Focal Communications Corporation, Genesis Communications International, ICG Communications, ICG Telecom Group, Inc., Level 3 Communications, MCI, MCI-WorldCom, MCI-WorldCom Wireless, Metrocall, Metro PCS, Mpower Communications, Nationwide Paging/USA Beep, Network Services LLC, Nextel Communications, N I I  Communications, Inc., 01 Communications, Pacific Bell Telephone Company, Pacific Telesis Company, Pacific Bell Wireless, PacWest Telecom, Inc., Qwest Communications, QWest Wireless LLC, RCN Communications, Roseville Telephone Company, SBC Ameritech, SBC California, SBC Communications, SBC Midwest, SBC Nevada, SBC Pacific Bell, SBC Southwestern Bell, SBC West, Seren Innovations, Sprint Nextel, Sprint Communications, Sprint Long Distance, Sprint Spectrum L.P., S.T.I. Mobile Communications, Communications Teligent, Time Warner Telcom, T-Mobile USA, Inc., United States Cellular, US Telepacific Corp, dba Telepacific Communications, Verizon California, Verizon District of Columbia, Verizon Hawaii, Verizon Maryland, Verizon New Jersey, Verizon New York, Verizon Northwest, Verizon Texas, Weblink Wireless, West Coast PCS LLC, dba Surewest Wireless, Western Wireless Corporation, XO Communications, any internet service provider or other electronic communications provider providing voice over IP telephony, and any other local, long distance, or wireless carrier servicing the Target Cell Phones, and any other person or entity providing wire communication service in the United States whose assistance may facilitate execution of the order, shall disclose or provide the following upon oral or written request by Special Agents of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives:

   A.  Regarding the customer or subscriber of the Target Cell Phones:
      i.   all subscriber names, user names, and screen names;
      ii.  all addresses, including mailing addresses, residential addresses, business addresses, and e-mail addresses,
      iii. local and long distance telephone connection records;

4

      iv.    records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

      v.    length of service (including start date) and types of service utilized;

      vi.    telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

      vii.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Target Cell Phones, including:

      i.    Records of user activity for each connection made to or from the Target Cell Phones, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

      ii.    Information about each communication sent or received by the Target Cell Phones, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

      iii.    Information about each communication sent or received by the Target Cell Phones, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

C. For telephone numbers recorded during the use of the pen-trap device for the Target Cell Phones,

all items listed in paragraph A immediately above.

D.  Records of user activity for each connection made to or from the accounts of the Target Cell Phones, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses

Good cause having been shown, IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 2705(b) and 3123(d), that this order and the application be sealed until otherwise ordered by the court, and that the local, long distance, and wireless carriers listed herein, any internet service provider or other electronic communications provider providing voice-over IP telephony, and any other local, long distance, or wireless carrier servicing the Target Telephones who are obligated by the order to provide assistance to the Applicant, shall not disclose in any manner, directly or indirectly, by any action or inaction, to the listed subscriber(s) for the Target Telephones, the occupant of said premises, the subscribers of the incoming calls to or outgoing calls from the Target Telephones, or to any other person, the existence of this order, in full or redacted form, of the pen register or trap and trace devices, or of this investigation, unless otherwise ordered by this court, except that Verizon, AT&T, and T-Mobile may disclose this Order to an attorney for Verizon, AT&T, and T-Mobile for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide copies of this Order to the ATF and Verizon, AT&T, and T-Mobile upon request;

IT IS FURTHER ORDERED that the identity of any targets of the investigation may be redacted from any copy of the order served on any service provider or other person;

Dated:  June 15, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE